Filed 8/18/25  P. v. Loveless CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064705 |
| v. | (Super. Ct. No. FSB702707-1) |
| QUWONTE LOVELESS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of San Bernardino County, Steve C. Malon, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2012, a jury convicted defendant Quwonte Loveless of first degree murder, attempted murder, and assault with a firearm. The jury found true allegations that Loveless personally discharged a firearm. The trial court imposed an aggregate sentence of 50 years to life in prison.

In 2023, Loveless filed a Penal Code section 1172.6 petition seeking to dismiss his murder and attempted murder convictions, and to be resentenced.[1] The trial court denied the petition at the prima facie stage.

Loveless filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Loveless has not filed a supplemental brief.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)

Thus, we affirm the order of the trial court.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2007, Loveless was the shooter in a drive-by shooting. Loveless was a passenger in a truck and fired 12 to 15 shots at a home in San Bernardino. Two of the shots hit Demetrius Payne, resulting in his death. (*People v. Loveless* (Aug. 18, 2014, G049644) [nonpub. opn.].)

In May 2012, a jury convicted Loveless of first degree murder, attempted premeditated murder, and assault with a firearm. The jury found true an allegation that Loveless personally discharged a firearm causing

---

[1] Undesignated statutory references are to the Penal Code.

death, and personally discharged a firearm as to the attempted murder conviction. The jury also found true a gang enhancement. The trial court imposed a total sentence of 50 years to life.

In May 2023, Loveless filed a petition seeking to vacate his murder and attempted murder convictions and to be resentenced. (§ 1172.6.)

In September 2024, the trial court conducted a prima facie hearing and denied the petition: "So I'm reviewing the petition. And the petition filed says, 'I was convicted of murder, attempted murder, and manslaughter, and could not now be convicted because of changes to the Penal Code. [¶] It states that the prosecution was under the theory of felony murder or murder under the natural and probable consequences doctrine or some other theory which now is imputed. [¶] So looking at the record, I find that the record expressly contradicts those allegations. I'm looking at the [abstract of] judgment, and it states that the defendant was convicted of first-degree murder under Penal Code Section 187, [attempted] murder, and additionally, that the defendant personally and intentionally discharged the firearm, causing death and great bodily injury."

Loveless's trial counsel filed a notice of appeal on his behalf.

II.

DISCUSSION

When counsel identifies no arguable issues, an appellate court reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success.

3

Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record, this court has similarly found no arguable issues. The record establishes Loveless was the actual killer as to the murder conviction, and Loveless was the actual attempted killer as to the attempted murder conviction. Thus, the trial court properly denied the petition under the relevant provisions of section 1172.6. (See *People v. Lewis* (2021) 11 Cal.5th 952, 960–970.)

III.

DISPOSITION

The trial court's order denying Loveless's section 1172.6 petition is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.